IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JIMMY J. HOLT**,

    Petitioner,

vs.                                              **Cause No.  1:10-cv-186 WJ/DJS**

**ERASMO BRAVO**, Warden of
Guadalupe County Detention Center,
and **GARY KING**, the Attorney General
of the State of New Mexico,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, and Prisoner Cases* [Doc. 4], filed March 2, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court recommends:  (1) Petitioner's motions for summary judgment [Docs. 16, 19] be **denied**; and (2) the Petition [Doc. 1] be **dismissed**.

**I.    BACKGROUND**

Petitioner Jimmy Holt ("Holt") is in the custody of the New Mexico Department of Corrections pursuant to a New Mexico state court judgment.  He seeks a writ of habeas corpus under 28 U.S.C. § 2254.

Holt was indicted in state court in July 2008.  [Doc. 12-3 at 40.]  After representing himself

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

throughout the criminal proceedings, he plead guilty on August 17, 2009 to trafficking by distribution (cocaine) and conspiracy to commit trafficking by distribution (cocaine). [Doc. 12-1 at 1–2.] Holt admitted to being an habitual offender and received a sentence enhancement. He was sentenced to sixteen years' incarceration, eight of which were suspended, for a total term of eight years. [Id. at 6–11.]

On November 3, 2009, Holt petitioned the sentencing judge, Ross Sanchez, for a writ of habeas corpus to set aside his guilty plea. [Doc. 12-2 at 1–34.] Judge Sanchez summarily denied the petition on November 10, 2009 stating that all issues raised in the petition "had been addressed." [Id. at 35–36.] Holt did not seek appellate review of Judge Sanchez's order denying the petition.

Holt claims that on November 29, 2010, he submitted to Judge Sanchez a "second or successive petition" containing the same grounds as the first petition. [Doc. 1 at 1–2, 5.] Respondents deny any such second or successive petition was ever filed and direct the Court's attention to the state court docket sheet for this case, which shows no entry for a second or successive petition. [Doc. 12-3 at 23–40.] Holt claims, however, that Judge Sanchez received but refused to rule on the petition, and Holt therefore sought a writ of mandamus from the Supreme Court of New Mexico to compel a ruling. [Id. at 1–18.] The record reflects that a petition for writ of mandamus was docketed in the Supreme Court of New Mexico on January 14, 2010, and summarily denied on January 22, 2010. [Id. at 1–19.]

Holt next petitioned the Supreme Court of New Mexico for a writ of certiorari. The record reflects the petition for writ of certiorari was received in the clerk's office of the Supreme Court of New Mexico on February 1, 2010 and returned to Holt that same day. [Doc. 13 at 3.] The letter from the Chief Deputy Clerk returning the petition states that it should have been filed on or before December 10, 2009 and was therefore untimely and would not be accepted. [Id.]

Holt filed his Petition for Writ of Habeas Corpus in this Court on March 1, 2010 requesting the Court to "set aside or vacate [his] sentence." [Doc. 1 at 27.] His petition lists five grounds: (1) ineffective assistance of standby counsel and court-appointed investigator; (2) a conspiracy among the trial court, standby counsel, and court-appointed investigator to deprive him of his constitutional rights; (3) withholding of exculpatory and impeachment evidence by the prosecution in violation of the "Brady rule"; (4) violation of his Sixth Amendment right to compulsory process; and (5) a due process violation occasioned by the trial court "interjecting itself into plea bargain discussions." [Id. at 3–4.]

Respondents contend Holt's claims are procedurally defaulted. [Doc. 12 at 1 (Respondent's Answer).] Holt objects and directs the Court's attention to the second or successive petition he allegedly filed in state court. [Doc. 14 at 1–2 (Holt's Reply).] Holt also moves for summary judgment on all claims. [Docs. 16, 19.]

## II.   DISCUSSION

### A.   Holt's claims are procedural defaulted on independent and adequate state law grounds

The Court concludes Holt's claims are procedurally defaulted, and therefore should be dismissed. "[I]f the court to which petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purpose of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Such is the case here.

"Claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th

Cir. 2008) (citations omitted). "A state procedural default is 'independent' if it relies on state law, rather than federal law [and] 'adequate' if it is firmly established and regularly followed." *Id.* (citations omitted).

The independent and adequate state law grounds in this case are the New Mexico procedural rules that require a petition for writ of certiorari to be filed with the Supreme Court of New Mexico within thirty days of the state district court order denying a petition for writ of habeas corpus. Rule 5-802H(2) NMRA; Rule 12-501B NMRA. Upon a showing of good cause, the Supreme Court of New Mexico may extend the deadline by thirty days if a request is made before the time for filing a petition has expired. Rule 12-501C(1) NMRA. After the time has expired, the deadline may be extended only upon a showing of excusable neglect or circumstances beyond the petitioner's control. Rule 12-501C(2) NMRA. No extensions "may be granted after sixty (60) days from the time the order denying the petition is entered." Rule 12-501C(3) NMRA.

The rules establishing the 30-day deadline are independent procedural grounds because they are based solely on state procedural law. They also are adequate in that there is no reason to believe that they are not firmly-established and regularly followed. First, the timely filing of a petition for writ of certiorari is jurisdictional. *See Rael v. Blair*, 153 P.3d 657, 659 (N.M. 2007). Moreover, the Court has been unable to locate any case where the Supreme Court of New Mexico considered an untimely petition for writ of certiorari absent a timely motion to extend or unusual circumstances. *See Rael*, 153 P.3d at 659 (finding district court had discretion to grant requested extension despite absence of explicit statutory authority); *Hyden v. N.M. Human Servs. Dep't*, 993 P.2d 740, 744 (N.M. Ct. App. 1999) (finding "procedural morass" created by recently-enacted legislation constituted unusual circumstances which warranted extensions to file petitions for writs of certiorari). The absence of case law on this issue may largely be due to the fact that the Supreme

4

Court of New Mexico apparently returns untimely petitions to the sender, refusing to even docket them, as demonstrated by the record in this case. [Doc. 13 at 3 ("Our rules will not allow us to accept a petition for writ of certiorari that is late for any reason.").]

Holt filed a petition for habeas corpus in state court on November 3, 2009. [Doc. 12-2 at 1–34.] The state court judge summarily denied the petition on November 10, 2009. [Id. at 35.] The deadline to petition the Supreme Court of New Mexico for a writ of certiorari expired December 10, 2009. Holt did not file a petition by the deadline, nor did he seek an extension either before or after the deadline expired. The claims he asserted in his state habeas, which are the same as those he raises in this federal habeas proceeding, therefore are procedurally defaulted.

If Holt were to attempt petition for writ of certiorari, or seek an extension to do so, the petition or request would be rejected as untimely. Indeed, the Supreme Court of New Mexico did reject as untimely the petition for writ of certiorari he submitted on February 1, 2010. [Doc. 13 at 3.] The correspondence from the Supreme Court of New Mexico states that a petition "should have been filed on or before December 10, 2009." [Doc. 13 at 3.] Even assuming the matter Holt was attempting to appeal was his alleged second or successive petition for writ of habeas corpus, the Supreme Court of New Mexico's letter is a definitive indication that any attempt to seek review of the November 10, 2010 denial would be rejected as untimely.

Given Holt's failure to seek review of the district court's November 10, 2009 order, the Court need not determine whether he submitted a second or successive petition for writ of habeas corpus.[2] Holt acknowledges that his November 3, 2009 state court habeas petition raised all the

---

[2] The record in this case suggests that if Holt attempted to submit a successive petition, it was not received or docketed. Even assuming a post office or docketing error is what occurred, the result is the same. The Court has not located any New Mexico authority for the proposition that a pending successive petition for writ of habeas corpus tolls the time to file a petition for writ of certiorari. Thus, what became of the alleged successive petition is not relevant for purposes of this case.

issues that he now presents for federal habeas review. [Doc. 1 at 3.] Thus, whether he did or did not submit a successive petition is immaterial to the Court's conclusion that the claims contained in the November 3, 2009 petition are procedurally defaulted.

### B. Holt has failed to establish cause or prejudice for the procedural default

Holt could overcome the adequate and independent state law bar by demonstrating cause and prejudice. *Smith*, 550 F.3d at 1274. To show cause, he must demonstrate that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, he must show that he suffered "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

He has failed to allege either cause or prejudice. Regarding cause, Holt has not offered any reason why he did not seek a petition for writ of certiorari as to the district court's November 10, 2009 denial of his petition for writ of habeas corpus, and there is no indication that any factor external to himself prevented him from timely petitioning for certiorari.

Because Holt has failed to establish cause, the Court need not determine whether he has shown prejudice. *See Smith v. Addison*, 373 F.App'x 886, 889 (10th Cir. 2010) (unpublished). The Court notes, however, that Holt ultimately plead guilty. A "guilty plea represents a break in the chain of events which has preceded it in the criminal process [and a petitioner] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Furthermore, a brief overview of the claims contained in the petition convinces the Court that none of them would be likely to support a finding of prejudice. First, he alleges his stand-by counsel was ineffective. However, ineffective assistance of counsel claims typically are not available to defendants who elect to represent themselves, as Holt did. *United States v. Dotson*, 28 F.App'x 801,

6

802 (10th Cir. 2001) (unpublished) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)).

Furthermore, the Court discerns no prejudice resulting from stand-by counsel's allegedly defective conduct in failing to properly subpoena state court judge Carl Butkus for the purpose of testifying that he did not sign the warrant for Holt's arrest. According to Holt, the arrest warrant was unsigned or otherwise faulty or fraudulent. [Doc. 1 at 10.] Holt contends Judge Sanchez granted him permission to subpoena Judge Butkus, but his stand-by failed to perfect the subpoena, and as a result Judge Butkus did not appear.[3] [Id. at 14.] This alleged failure was not prejudicial, however, because neither the arrest nor the subsequent search of his person, which Holt also contends was unlawful, apparently produced any evidence that was used against him. [Doc. 1 at 17–18.][4]

Holt also contends the prosecution withheld allegedly exculpatory and impeachment evidence, specifically, an audio or "belt" recording made by one of the arresting officers. According to Holt, the tape would impeach the officers by showing they planted evidence in the police car in which Holt was placed. [Doc. 1 at 19.] Judge Sanchez found, however, that there was no "belt tape" from the arrest and that Holt had been given access to a video recording instead. [Doc. 12-1 at 14.] This finding is entitled to a presumption of correctness. 28 U.S.C. 2254(e)(1). Furthermore, the allegedly "fake" evidence was subsequently destroyed and never used against him. [Doc. 1 at 18.] Thus, no prejudice resulted.

---

[3] Holt also attempted to subpoena Judge Neil Candelaria. Judge Candelaria, through counsel, filed a Notice of Non-Appearance. [Doc. 12-1 at 20–27.]

[4] Moreover, Fourth Amendment claims, such as Holt seems to assert here, generally are not cognizable on habeas, particularly where no evidence was obtained. *Cf. Stone v. Powell*, 428 U.S. 468, 482 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

Finally, Holt claims his due process rights were violated because Judge Sanchez participated in plea discussions. [Doc. 1 at 24–25.] Specifically, he contends that after denying his motion to produce the belt tape, Judge Sanchez instructed him that he must either accept the eight-year plea deal offered by the prosecution or go to trial. [Id. at 25.] The Court finds no violation of due process in a trial court judge advising a *pro se* defendant that his options include taking a plea or facing trial.

        **C.**        **Holt has failed to establish a fundamental miscarriage of justice**

The fundamental miscarriage of justice exception is "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (internal quotation marks and citations omitted). The Court liberally construes Holt's petition to allege that the purported constitutional violations discussed above led him to enter a guilty plea that was involuntary or coerced.

To be valid, a plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996) (citations and quotation marks omitted). Upon review of the claims and facts alleged, the Court finds no indication that the guilty plea was involuntary. Holt does not claim he was misinformed, given any guarantees or promises, or deprived of a choice. To the contrary, Holt states that Judge Sanchez advised him he had a choice between taking a plea and going to trial. The "coercion" appears to arise merely from the fact that Judge Sanchez denied his motion to produce the belt tape and that Judge Butkus was not properly subpoenaed and so could not testify as to the alleged invalidity of the arrest warrant. As discussed above, these events did not result in prejudice, much less in a fundamental miscarriage of justice. The Court therefore concludes a fundamental

miscarriage will not result from application of the procedural bar.

## III.  CONCLUSIONS and RECOMMENDATION

The Court concludes: (1) Petitioner's claims are procedurally barred; (2) he has failed to show cause and prejudice to excuse the procedural bar; and (3) application of the procedural bar will not result in a fundamental miscarriage of justice.  The Court therefore recommends:  (1) Petitioner's motions for summary judgment [Docs. 16, 19] be **denied**; and (2) the Petition [Doc. 1] be **dismissed**.

**DON J. SVET**
**United States Magistrate Judge**