IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY J. HOLT,

    Petitioner,

vs.                                              Cause No.: 1:10-cv-186 WJ/DJS

ERASMO BRAVO, Warden of
Guadalupe County Detention Center,
and GARY KING, the Attorney General
of the State of New Mexico,

    Respondents.

# ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on: (1) the *Magistrate Judge's Proposed Findings and Recommended Disposition* [Doc. 28], filed January 11, 2011 ("PFRD"); (2) Petitioner's *Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition Pursuant to 28 U.S.C. § 636(b)(1)* [Doc. 30], filed January 25, 2011 ("Objections"); and (3) Petitioner's "Motion for Leave to Amend - New Claim - Exhaust State Remedies" [Doc. 31], filed February 23, 2011.  After conducting a *de novo* review of the Magistrate Judge's report, the Objections, the record, and the relevant legal authorities, the Court: (1) overrules the Objections; (2) adopts the Magistrate Judge's Proposed Findings and Recommended Disposition; (3) denies Petitioner's motions for summary judgment; (4) denies leave to amend; and (5) dismisses the Petition.

I.    **BACKGROUND**

    A.    **Magistrate Judge's Report**

Petitioner *pro se* Jimmy J. Holt ("Holt") brought this habeas action under 28 U.S.C. § 2254

1

attacking his 2009 New Mexico state court convictions for trafficking by distribution (cocaine) and conspiracy to commit trafficking by distribution (cocaine). [Doc. 12-1 at 1–2.] The magistrate judge concluded that the claims contained in Holt's habeas petition are procedurally defaulted by his failure to timely petition for certiorari in state court. The magistrate judge further concluded that Holt failed to show either cause and prejudice to excuse the procedural default, or that a fundamental miscarriage of justice would result from application of the procedural bar. Based on these conclusions, the magistrate judge recommended that Holt's motions for summary judgment be denied and his petition be dismissed.

### B.     Proceedings in state court

Holt was arrested in or around May 2008. With the assistance of stand-by counsel, he represented himself in the state court criminal proceedings. He plead guilty on August 17, 2009, to trafficking by distribution (cocaine) and conspiracy to commit trafficking by distribution (cocaine). [Doc. 12-1 at 1–2.] He was found to be an habitual offender and was sentenced to sixteen years' incarceration, eight of which were suspended, for a total term of eight years. [Id. at 3, 6–11.]

On November 10, 2009, the state court trial judge summarily denied Holt's petition for habeas relief. [Doc. 12-2 at 1–34.] Holt filed a petition for writ of certiorari in the Supreme Court of New Mexico on February 1, 2010. The deputy clerk of that court returned the petition to him stating that it was untimely and would not be accepted. [Doc. 13 at 3.]

Holt alleges that prior to petitioning unsuccessfully for certiorari, he filed a second or successive petition for habeas corpus that was ignored by the state trial judge. [Doc. 1 at 5–6; Doc. 30 at 3.] He filed a petition for writ of mandamus to compel a ruling on the second/successive petition; the Supreme Court of New Mexico summarily denied mandamus on January 22, 2010.

[Doc. 12-3 at 19.]

## II.     ANALYSIS

### A.     Legal Standard

The district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

### B.     Holt's Objections

Holt filed timely Objections attacking various aspects of the magistrate judge's analysis and conclusions. [Doc. 30.] He also objects that he was denied an evidentiary hearing and that requests that he be allowed to conduct discovery were "ignored." [Id. at 1, 2.]

#### 1.     Procedural default

Holt objects to the magistrate judge's conclusion that his claims are procedurally defaulted. However, he does not deny he failed to timely file a petition for writ of certiorari in the New Mexico Supreme Court after the state trial court denied his first petition for writ of habeas corpus. He also does not dispute the magistrate judge's conclusion that the state procedural rules establishing deadlines for appeal constitute independent and adequate state law grounds, nor does he claim the rules are not consistently applied. Holt's objection, rather, is that he should be allowed to show through an evidentiary hearing that he filed a second or successive petition. [Doc. 30 at 2–3.]

The objection is overruled. The New Mexico procedure for appealing a state district court's denial of a petition for writ of habeas corpus is to file a petition for certiorari with the Supreme Court of New Mexico within thirty days. Rule 5-802H(2) NMRA; Rule 12-501B NMRA. Under

long-settled doctrine, "if the court to which petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purpose of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Holt's habeas was denied on November 10, 2009. He did not petition for certiorari within thirty days and it is too late now. *See* Rule 12-501C(2) NMRA (stating that no extensions "may be granted after sixty (60) days from the time the order denying the petition [for writ of habeas corpus] is entered").

Holt's objection that he filed a second or successive petition is beside the point. Even if he had, it would not excuse his failure to timely appeal the denial of the first petition. Holt did not file a timely petition for certiorari in state court. His federal habeas claims, which are the same as those raised in his state habeas, are procedurally defaulted as a result.

### 2. Cause and prejudice

Federal courts generally do "not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998) (citing *Coleman*, 501 U.S. at 749–50). "Cause" under the cause and prejudice test means some factor external to the petitioner, some objective factor that cannot fairly be attributable to him and that impeded his efforts to comply with the state's procedural rules. *Johnson v. Champion*, 288 F.3d 1215, 1227 (10th Cir. 2002).

Holt objects to the magistrate judge's conclusion that he has failed to demonstrate cause to excuse the procedural default. According to Holt, his failure to timely appeal is due to a "conflict" in New Mexico's habeas corpus rule. [Doc. 30 at 4–7.] He asserts he was mislead by Rule 5-802 which he claims "tells a pro se Petitioner to submit a second or successive petition." [Id. at 8–9.]

4

Holt also objects that his first habeas petition in state court was not adjudicated on the merits because it was dismissed summarily without an evidentiary hearing. [Id. at 4–5.]

The objection is overruled. The Court perceives no conflict in Rule 5-802 NMRA. The rule clearly and succinctly states the procedure for appealing the denial of habeas in non-death penalty cases: "Within thirty (30) days after the district court's decision...if the writ is denied, a petition for certiorari may be filed with the Supreme Court." Rule 5-802H(2) NMRA. The rule makes no mention of second or successive petitions, nor does it require a second or successive petition as a prerequisite to appeal.

The Court also rejects Holt's contention that the state court judge was required to hold a hearing on his habeas petition. New Mexico's habeas rule provides for summary dismissal without an evidentiary hearing. It states: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief as a matter of law, the court shall order a summary dismissal of the petition." Rule 5-802E(1) NMRA. Judge Ross Sanchez, the state court judge who presided over Holt's criminal proceedings for over a year, held numerous hearings in the case and decided a large number of mostly pro se motions determined that the issues raised in Holt's state habeas petition "had been addressed." [Doc. 12-3 at 22–40 (docket sheet); Doc. 12-2 at 36.]  New Mexico's habeas rule permitted Judge Sanchez to make this summary determination without an evidentiary hearing.

Furthermore, the procedure for appeal is the same whether the petition is dismissed summarily or after an evidentiary hearing. Thus, the lack of an evidentiary hearing does not excuse Holt's failure to file a timely appeal. His reliance on *State v. Canales* is misplaced. *Canales* interpreted a former New Mexico procedural rule which provided that the "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same

prisoner." *State v. Canales*, 432 P.2d 394, 396 (N.M. 1967). *Canales* identifies the factors which, if satisfied, permit a court to refuse a second petition when a first petition has already been denied. *Canales*, 432 P.2d at 395–96 (noting that Rule 93 was adopted form 28 U.S.C. § 2255).

*Canales* is inapplicable here. First, the rule it interprets, Rule 93, was withdrawn in 1989. Rule 1-093 SCRA (1986 Pamp.) (withdrawn May 31, 1989). Second, Holt's purported successive petition was not refused or denied on the grounds that it was duplicative of the first petition. The purported second petition was simply not ruled upon.

Holt's misapprehension of an unambiguous state court rule requiring him to appeal within thirty days does not constitute cause sufficient to excuse his procedural default. Because he has not shown cause, the Court need not address whether he has shown prejudice. *Smith v. Addison*, 373 F.App'x 886, 889 (10th Cir. 2010) (unpublished).

### 3. Fundamental miscarriage of justice

The magistrate judge concluded Holt has failed to show that application of the procedural bar will result in a fundamental miscarriage of justice. Holt objects to this conclusion.

The fundamental miscarriage of justice exception is "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citations and internal quotation marks omitted). Applying a liberal construction to Holt's pleadings and Objections, it appears he claims Fourth Amendment violations in connection with his arrest and a purported *Brady*[1] violation are sufficient to establish a fundamental miscarriage of justice.

The Court does not agree that Holt has satisfied this narrow exception. With regard to the

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

Fourth Amendment claims, Holt alleges his 2008 arrest was invalid because it was based on a faulty warrant and the subsequent cavity search he was subjected to also was invalid as well as intrusive. [Doc. 30 at 12–14.]  In connection with this claim, he asserts his stand-by counsel was ineffective for allegedly failing to subpoena Judge Butkus to testify as to the validity of the warrant. [Id. at 13.]

Whether the arrest warrant was defective or the search comported with the Fourth Amendment has no bearing on whether Holt was actually innocent of the crimes to which he plead guilty over a year later.  Furthermore, neither the arrest nor the cavity search produced any evidence that was used against him.  When viewed in this context, the tangential nature of his claims that stand-by counsel was ineffective becomes apparent.

With regard to the purported *Brady* violation, Holt claims the prosecution withheld a belt tape worn by one of the officers involved in his arrest.  Judge Sanchez found "there are no belt tapes in evidence" and denied Holt's motion to compel the prosecution to produce the belt tape. [Doc. 12-1 at 14.]  In support of his objection, Holt attaches a transcript of an interview in which the officer states he was wearing a tape recorder and that it was activated at the time of Holt's arrest. [Doc. 30 at 25.]  From this statement, Holt concludes the prosecutor lied when she claimed there was no belt tape.

As a threshold matter, it is far from clear that a constitutional violation occurred in connection with the alleged withholding of the belt tape.  Other explanations apparent from the transcript are that the belt tape was not available to produce because it was not retained (i.e., "tagged") as evidence or because it had been recorded over. [Doc. 30 at 29.]  In light of these other plausible explanations, Judge Sanchez's determination that "there are no belt tapes in evidence" is not unreasonable. [Doc. 12-1 at 14.]

Moreover, Holt's purpose in obtaining the belt tape is to impeach the officers involved in

his arrest by showing they planted plastic bags containing crack cocaine in the police car after Holt had been sitting in it. Although this allegedly planted evidence was listed in the criminal complaint used to arrest Holt, he states the substance was destroyed because it turned out to be "fake, not real and...was never used for booking purposes or in a court proceeding." [Doc. 1 at 18; doc. 30 at 14, 35.]

Holt's objections are overruled. He was offered a choice between going to trial and taking a plea; he decided to plead guilty. A "guilty plea represents a break in the chain of events which has preceded it in the criminal process [and a petitioner] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The alleged constitutional violations occurred before he plead guilty and furthermore, are all digressions from the issue of his actual guilt or innocence. The allegedly fake evidence was destroyed, and because he plead guilty, there was no occasion for the officers to testify at trial. With his federal habeas petition, he essentially attempts to question evidence that was not used and to impeach witnesses that did not testify at trial. No fundamental miscarriage of justice will occur if the Court declines to hear these claims.

**4.      No discovery or evidentiary hearing**

Holt objects that the magistrate judge ignored his requests to conduct discovery and issued a recommendation without conducting an evidentiary hearing. [Doc. 30 at 1.] The objections are overruled. The magistrate judge did not ignore Holt's requests to conduct discovery, he denied them. [Doc. 20.] Furthermore, a hearing is not necessary to resolve this case because the facts relevant to Holt's procedural default are not in dispute. *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1535 (10th Cir. 1994); 28 U.S.C. § 2254 R.6(a) (Court may authorize discovery in habeas cases upon a showing of good cause).

### C.      Leave to amend is denied

While the magistrate judge's recommendation was pending, Holt sought leave to amend his petition. [Doc. 31 ("Motion for Leave to Amend - New Claim - Exhaust State Remedies")], filed February 23, 2011. He requests permission to add a claim that the sentence he is serving for a parole violation is running consecutively, rather than concurrently with the sentence he is serving for the two drug convictions at issue in this case.

This "newly discovered claim" is at best only marginally related to the claims he asserts in his petition. Furthermore, the claim is not exhausted. [Doc. 31 at 4.] Given that Holt's current claims are procedurally defaulted and will not proceed further, the Court declines to permit him to add a new and unexhausted claim. *See Hurd v. Mondragon*, 851 F.2d 324, 329 (10th Cir. 1988) (holding district court did not abuse its discretion in denying leave to amend habeas petition to include unexhausted claim after magistrate judge had invested considerable time in treating the original petition).

**IT IS HEREBY ORDERED** that Petitioner's Objections are overruled;

**IT IS FURTHER ORDERED** that the proposed findings and recommended disposition of the United States Magistrate Judge are adopted by the Court;

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Summary Judgment in Accordance with Rule 56 Fed.R.Civ.P." [Doc. 16], filed June 2, 2010, and his "Motion for 'Order' Granting Summary Judgment" [Doc. 19], filed July 8, 2010, are **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Leave to Amend - New Claim - Exhaust State Remedies" [Doc. 31], filed February 23, 2011 is **DENIED**;

**IT IS FURTHER ORDERED** that the Petition [Doc. 1] is **DISMISSED.**

_____
**UNITED STATES DISTRICT JUDGE**